UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA, an
individual, and BEACH TO BAY
CONSTRUCTION LLC, a Florida limited
liability company,

    Plaintiffs,

v.                                          Case No. 8:16-cv-347-T-27AAS

CITY OF ANNA MARIA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Leave to Depose Joseph Acebal Out of Time and Extend the Discovery Deadline (Dkt. 67) and Plaintiffs' response in opposition (Dkt. 80). Upon consideration, the motion is **GRANTED**.

Defendant served Plaintiffs a Notice of Taking Videotaped Deposition of Joseph Acebal on June 28, 2017, (Notice, Dkt. 80-1), the same day that it took the deposition of Shawn Thomas Kaleta in his capacity as Beach to Bay Construction, LLC's corporate representative, (Motion for Leave, Dkt. 67 at p. 1). During Kaleta's deposition, Defendant learned for the first time of Plaintiffs' position that its conduct caused them to lose Acebal as a customer. (*Id.*). Defendant's counsel contacted Acebal shortly after Kaleta's deposition. (*Id.* at p. 2). Acebal advised that he would be in Florida for only one more day before returning to North Carolina, where he resides nine months out of the year. (*Id.*). Accordingly, Defendant noticed Acebal's deposition for June 29 at 12:30 p.m., to take place after depositions scheduled for that day. (*Id.* at pp. 2-3); (Notice of Taking Deposition, Dkt. 80-1). Plaintiffs' counsel advised Defendant's counsel that they would need to confer and get

back to them. (Response, Dkt. 80 at p. 2). They advised later in the evening of June 28 that they would be filing a motion to quash the notice of taking deposition, (E-mail, Dkt. 80-2), and Plaintiffs filed an emergency motion to quash the morning of June 29. (Dkt. 58).

Despite its knowledge of Plaintiffs' pending emergency motion to quash, and over the verbal objection of their counsel, Defendant took Acebal's deposition from approximately 12:30 P.M. to 12:34 P.M. on June 29, 2017. (Motion for Leave, Dkt. 67 at p. 3-4); (Response, Dkt. 80 at p. 3).[1] Defendant had taken over ten depositions prior to Acebal's deposition. (Response, Dkt. 80 at p. 3). And the discovery deadline was June 1, 2017. (Case Management and Scheduling Order, Dkt. 20, as amended by Dkt. 37).[2]

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): . . . if the parties have not stipulated to the deposition and: . . . (i) the deposition would result in more than 10 depositions being taken[.]" FED. R. CIV. P. 30(a)(2)(A). District courts have broad discretion over management of their cases, including pretrial discovery, and "[i]n allowing or disallowing a deposition to be taken for use at trial, it is appropriate that the district court consider all the circumstances." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002). A district court may extend the time for performing an act, for good cause, after time has expired if the party seeking the extension establishes excusable neglect. FED. R. CIV. P. 6(b).

Defendant should have obtained leave of court before taking Acebal's deposition. However,

---

[1] An Order entered at 12:34 P.M. on June 29, 2017 granted, in part, Plaintiffs' emergency motion to quash. (Dkt. 59). However, both parties acknowledge that Defendant had already completed Acebal's deposition before either party became aware of the Order. (Motion for Leave, Dkt. 67); (Response, Dkt. 80 at p. 3).

[2] The parties received an extension of the discovery deadline to June 30, 2017 for the limited purpose of taking the depositions of Plaintiffs' corporate representative with regards to their damages claim, each parties' experts, and Bruce McLaughlin. (Order, Dkt. 53). That Order did not grant Defendant leave to take Acebal's deposition after the June 1, 2017 discovery cutoff, as it believes. (*Id.*).

exclusion of Acebal's deposition from trial on that basis is not warranted.

A court *must* grant leave to a party requesting to take more than ten depositions to the extent consistent with Rule 26(b)(1) and (2). FED. R. CIV. P. 30(a)(2)(A). Parties may obtain discovery regarding matters relevant to any party's claim or defense, and courts may limit discovery if it is cumulative, duplicative, or obtainable from other sources or if the party seeking the discovery already had ample opportunity to obtain the information. FED. R. CIV. P. 26(b)(1), (2). Defendant is entitled to take Acebal's deposition pursuant to Rule 30(a)(2) because he is likely to have relevant, non-cumulative, and non-duplicative information relating to Plaintiffs' damages. (Amended Complaint, Dkt. 23 at p. 25). And Defendant's short notice of Acebal's deposition was reasonable under the circumstances. *See* FED. R. CIV. P. 30(b)(1).

With regard to Plaintiffs' argument that Defendant's deposition of Acebal occurred after the discovery cutoff, Defendant establishes good cause. *See* FED. R. CIV. P. 6(b). It served Plaintiffs with an interrogatory requesting the identities of all persons believed to have any knowledge relating to their claims. (Plaintiffs' Answers to Interrogatories, Dkt. 67-2 at p. 5). Plaintiffs did not identify Acebal in their answer to that interrogatory. (*Id.*). They identified Acebal as a witness for the first time during a deposition that took place after the discovery deadline had already passed. *See* (Order, Dkt. 53) (granting extension of discovery deadline for the purpose, among others, of Defendant taking the deposition of Beach to Bay Construction's corporate representative regarding Plaintiffs' damages). Their position that Defendant never propounded discovery specifically requesting information about lost customers, and therefore has no one to blame but itself for not learning about Acebal until Kaleta's deposition, is not persuasive. *See* (Emergency Motion to Quash, Dkt. 58 at ¶ 6).

Further, and most importantly, requiring Defendant to retake Acebal's deposition would be a needless waste of time, effort, and expense at this stage of the case. As noted, Acebal has information relevant to Plaintiffs' damages and Defendant is entitled to depose him. Both parties were represented by counsel at his deposition, and the deposition was videotaped. Plaintiffs do not argue that the deposition was transcribed inaccurately, they did not have a chance for cross examination, or they were otherwise prejudiced by Defendant taking his deposition without prior leave of court. By all accounts, the deposition lasted only about four minutes. And this case is set for trial in November 2017. Requiring Defendant to make arrangements in North Carolina to retake a four-minute deposition of a material witness does not further the interest in moving this case to a reasonably timely and orderly conclusion on the merits. *See Chrysler Int'l Corp.*, 280 F.3d at 1362 ("[D]istrict courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

Accordingly, Defendant's Motion for Leave to Depose Joseph Acebal Out of Time and Extend the Discovery Deadline (Dkt. 67) is **GRANTED**. Defendant is retroactively granted leave of court to take Acebal's deposition.[3]

**DONE AND ORDERED** this 19th day of September, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record

---

[3] This Order retroactively granting leave to Defendant to take Acebal's deposition does not foreclose Plaintiffs from making an argument that the deposition should not be admissible at trial on evidentiary grounds. Rather, this Order addresses only the admissibility of Acebal's deposition with regards to Defendant's failure to comply with Rule 30(a)(2).