UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN THOMAS KALETA, an
individual, and BEACH TO BAY
CONSTRUCTION LLC, a Florida limited
liability company,

    Plaintiffs,

v.                                              Case No. 8:16-cv-347-T-27AAS

CITY OF ANNA MARIA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Strike Plaintiffs' Experts or, Alternatively, to Strike Their Amended Report(s) and for Fees and Costs (Dkt. 65), and Plaintiffs' response in opposition (Dkt. 81). Upon consideration, the motion is **DENIED.**

Plaintiffs disclosed their damages experts Matthew Clark and Lewis Olds, and their initial expert report, on May 19, 2017, within the amended deadlines of the Case Management and Scheduling Order (Dkts. 20, 45). The City served its rebuttal expert report on June 15, 2017. Plaintiffs served an amended expert report on June 23, 2017 "to account for some of the errors . . . reflected in the Rebuttal Report." (The City's Motion to Strike, Dkt. 65 at p. 3). Olds testified during his deposition on June 26, 2017 that further revisions to the amended report were needed to correct calculating errors, and he identified specific calculations that needed revision. (Olds deposition transcript, Dkt. 65-3). Clark testified during his June 29, 2017 deposition that Olds was in the process of making changes to the calculations in their report, and that Plaintiffs would serve an amended report soon. (Clark deposition transcript, Dkt. 65-4)

The City filed the motion to strike Plaintiffs' experts and their reports on July 1, 2017 for their failure to comply with Rule 26 of the Federal Rules of Civil Procedure, arguing that "to date, the City does not know the experts' final opinions." (Dkt. 65 at p. 9). Plaintiffs served their second amended expert report on July 9, 2017. (Supplemental Expert Report of Clark and Olds, Dkt. 81-4). This case is scheduled for trial during the November 6, 2017 trial term. (Order, Dkt. 37).

Rule 26(a)(2) requires parties to disclose experts and their written reports with "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). Rule 26(e) requires parties to supplement expert disclosures in a timely manner if they learn that the disclosure is incorrect in some material respect, and to make that supplemental disclosure at least thirty days before trial. *Id.* at 26(e) (citing *id.* at 26(a)(3)). A party who fails to provide expert disclosures or supplemental disclosures under Rule 26(a) & (e) may not use those experts at trial unless the failure was substantially justified or harmless. *Id.* at 37(c)(1).

The City does not show that Plaintiffs failed to meet their expert disclosure obligations under Rule 26.[1] The amendments to their experts' report did not change the basis and reasons for their opinions, but rather changed specific amounts due to calculating errors.[2] The City points to no evidence showing that Plaintiffs withheld expert information from them, or that they amended the

---

[1] The Eleventh Circuit case the City cites in support of its argument does not apply to Plaintiffs' actions because, in that case, a party failed to provide an expert report that complied with Rule 26(a) before that expert's deposition. *Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1410-11 (11th Cir. 2011) ("Your sending a letter to the other side saying, 'Here is the formula[] my expert is going to use,' does not constitute a report, a statement of all of the opinions."). In this case, Old and Clark's initial report complied with Rule 26(a) by providing a complete statement of the basis and reasons for their opinions, even though it contained calculating errors. The City was able to question the experts about their opinions and about the calculating errors during their depositions.

[2] Clark's testimony is illustrative of the type of modifications made to the reports: "At the point in time where this amended report was filed, that number was very accurate in our opinion. Whether there have been further minor changes to that number will be addressed in the further amended report, but I don't believe they will be significant if at all." (Clark deposition, Dkt. 65-4 at 15:17-21).

2

expert reports for any reason other than to correct errors.[3] Plaintiffs had an obligation to correct those errors once they discovered them, and they did so within the time limit of Rule 26(e). Further, Olds walked the City through the specific calculations that would be changed. The City, therefore, has not established a basis for striking Plaintiffs' experts or their supplemental report under Rule 37(c).

Accordingly, the City's motion to strike (Dkt. 65) is **DENIED**.

**DONE AND ORDERED** this 6th day of October, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[3] The City acknowledges as much in its *Daubert* motion: "The arguments contained herein are equally applicable to the Amended and Supplemental Reports, which apparently serve to correct only mathematical errors, not methodologies." (*Daubert* Motion, Dkt. 77 at p. 2 n.1).

3